UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,
a Delaware Limited Liability Company,
(d/b/a "ENHANCED RECOVERY CORPORATION")

    Defendant.
_____/

## COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## JURY DEMAND

1.    Plaintiff, LEO W. DESMOND, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendant, ENHANCED RECOVERY COMPANY, LLC, has been operating under the name "*Enhanced Recovery Corporation*" even though the latter-referenced business entity is not a registered fictitious name of Defendant. The FDCPA specifically prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization...." 15 U.S.C. § 1692e(14).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND, is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"), is a Delaware Limited Liability company, principally operating from offices located at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged debt of $54.56 dollars from Plaintiff arising from his subscription to receive residential telephone services.

9. On July 29, 2010, Defendant mailed a demand letter to Plaintiff utilizing the name of "*Enhanced Recovery Corporation*" on its letterhead instead of its true name, "*Enhanced Recovery Company, LLC*."

10. A true and correct copy of said demand letter is attached hereto as Exhibit "A".

11. That "Enhanced Recovery Corporation" is not a registered fictitious name of Defendant; in fact, no active company by that name is authorized to conduct business in the State of Florida.

12. That based upon information and belief, Defendant was previously admonished for using the name "Enhanced Recovery Corporation" instead of its true name.

13. That both Defendant and "Enhanced Recovery Corporation" operate from offices located at 8014 Bayberry Road, Jacksonville, Florida 32256.

14. That based upon an online license search conducted on July 28, 2011 at the website maintained by the Florida Office of Financial Regulation, "Enhanced Recovery Corporation" is not licensed to collect consumer debts in the State of Florida pursuant to Fla. Stat. § 559.553(1). *See* Exhibit "B" attached hereto.

15. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

16. That any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of its legal obligations under the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## COUNT I
## USE OF FALSE NAME IN VIOLATION OF 15 U.S.C. § 1692e

17. Plaintiff incorporates Paragraphs 1 through 16.

18. By using the name "Enhanced Recovery Corporation" on its letterhead, Defendant violated the Fair Debt Collection Practices Act, which in pertinent part provides that a debt collector may not make any false, deceptive, or misleading representation, including the "use of any business, company, or

4

organization name other than the true name of the debt collector's business, company, or organization...." Plaintiff maintains that Defendant's use of a false name would be deceptive to the least sophisticated consumer in violation of §§ 1692e(10) and 1692e(14) of the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 28th day of July, 2011.

> SCOTT D. OWENS, ESQ.
> *Attorney for Plaintiff Leo W. Desmond*
> 2000 E. Oakland Park Blvd., Suite 106
> Ft. Lauderdale, FL 33306
> Telephone: 954-306-8104
> Facsimile: 954-337-0666
> scott@scottdowens.com
>
> By: s/ *Scott D. Owens*
>     Scott D. Owens, Esq.
>     Florida Bar No. 0597651